NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2012[*]
Decided February 9, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3793

| | |
|---|---|
| HOYT RAY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10-355-GPM |
| LYNN S. WYCISKALLA, et al., *Defendants-Appellees.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

Hoyt Ray, an Illinois prisoner, appeals from the dismissal of his complaint under 42 U.S.C. § 1983, alleging denial of access to the courts. He argues that the district court overlooked many of his allegations and wrongly concluded that he had not alleged injury. We affirm.

---

[*]Appellees have not filed briefs or otherwise participated in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

Ray's principal allegations concern difficulties he encountered while trying to file a petition for certiorari to the United States Supreme Court. He alleged that he missed the filing deadline because library staff lost documents he had given them to copy relating to this petition, and that the law library had been closed for unlawfully long periods of time. He also alleged that some correctional officers opened and read his incoming legal mail outside his presence, even though this mail was clearly marked as coming from a court. Finally he alleged that some of his legal documents were lost or taken from a "legal box," a box in which he stored legal documents in the library.

The district court dismissed Ray's complaint at screening for failure to state a claim. 28 U.S.C. § 1915A(b)(1). According to the court, Ray's claim against the library staff alleged only negligence, which is insufficient to state a claim of denial of access to the courts. Ray's allegations about the closed library also did not state a claim, the court added, because Ray did not allege suffering actual prejudice. The court next determined that Ray's allegations of interference with his legal mail did not state a claim because the inadvertent or negligent opening of an occasional legal letter was not actionable, and in any event he did not allege being harmed. Last the court found that Ray did not state any constitutional claim with regard to his property missing from his "legal box" because the state provided a sufficient postdeprivation remedy to redress that loss. The court later denied Ray's motion for postjudgment relief.

On appeal Ray maintains that he adequately stated a denial-of-access claim by alleging that the prison lost his legal documents, wrongly closed its law library, and opened his legal mail. But we agree with the district court that Ray did not state a claim on any of these bases. To state a denial-of-access claim, Ray had to explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805–06 (7th Cir. 2010). This required him to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). But he did not allege being injured at all by the opened mail or the documents missing from his "legal box," and he never identified the underlying claim or claims that were lost because of the library closure or the loss of his certiorari petition. Additionally, he did not allege that the library staff acted recklessly or deliberately in losing his legal documents, *see Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999).

**AFFIRMED**.